UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL INSURANCE TRUST COMPANY, | § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2616-B |
| A&A LANDSCAPE & IRRIGATION, | § § § | |
| Defendant/Counter-Claimant/Third-Party Plaintiff, | § § § | |
| v. | § § | |
| INSGROUP, LLC d/b/a/ K&S INSURANCE, and WWDS AGENCY, INC., | § § § § | |
| Third-Party Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant A&A Landscape (A&A)'s First Amended Motion for Leave to Amend Defendant's Expert Designations (Doc. 48). For the following reasons, the Court **GRANTS** the motion.

I.

BACKGROUND[1]

This case involves an insurance claim for loss of tree-farm stock. Plaintiff National Insurance Trust Company (NITC) seeks a declaratory judgment that it does not owe coverage for damage

---

[1] Throughout this Order the Court refers to the page numbers generated by the Court's electronic filing system.

-1-

A&A suffered as a result of the February 2021 Texas winter storm. Doc. 11, Am. Compl., ¶¶ 5–6, 10. A&A filed counterclaims against NITC for breach of contract and breaches of the Texas Insurance Code, and third-party claims against third-party defendants. *See generally* Doc. 34, 2d Am. Countercl.

Relevant to the present motion, the Court issued a scheduling order on January 4, 2022, setting this case for trial in January 2023. Doc. 14, Scheduling Order, 1. The scheduling order established a deadline of May 2, 2022, for Plaintiff to file its Expert Designation and Report, and a deadline of June 2, 2022, for Defendant to file its Expert Designation and Report. *Id.* at 2–3. The scheduling order provides that it may only be modified by leave of the Court and for good cause, pursuant to Federal Rule of Civil Procedure 16(b)(4). *Id.* at 8. Discovery proceeded and A&A filed its designation of expert witnesses on June 4, 2022—two days after the deadline set by the scheduling order—designating arborist Peter Romo (Romo) as a testifying witness. Doc. 39, Def.'s Expert Designations. A&A states that only after the deadline had passed and two weeks before this motion was filed, Romo disclosed that he "has failed to maintain proper certifications necessary to be a credible expert witness." Doc. 48, Am. Mot. Leave, 1–2. On July 12, 2022, A&A filed the instant motion for leave to file an Amended Expert Designation, designating a new arborist to replace Romo as a testifying expert witness. *Id*. The motion is ripe for review and the Court considers it below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b) a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A court considers four factors when evaluating good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely

[comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (alterations in original) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)). "Moreover, Rule 37(b)(2)(B) authorizes the district court" to sanction a party who has failed to comply with the scheduling order or discovery orders "by refusing to allow that party to introduce designated matters into evidence." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (citing Fed. R. Civ. P. 37(b)(2)(B)). In determining whether to impose such a sanction, the court considers the same four factors. *See id.*

## III.

## ANALYSIS

A&A claims that there is good cause for the Court to modify the scheduling order and allow it to file the amended designation of expert witnesses because "A&A did not learn of the problems with the expert witness until just 2 weeks before the filing of this [motion]" and as soon as "the designated witness disclosed the lapse in credentialing, A&A immediately began the process of identifying a qualified expert and securing his services." Doc. 48, Am. Mot. Leave, 2. It asserts that the expert witness it seeks to designate is central to A&A's case because an arborist with technical knowledge "is needed to explain the numerous factors that led to the loss of stock and how those factors are covered under the policy issued by the Plaintiff," the central issue in this case. *Id.* Finally, it argues that the amended expert designation will not prejudice the plaintiff, "as the [new] expert witness will be testifying about the exact same issues as the first [expert witness] and NITC has not yet deposed the existing expert witness," so plaintiff will not incur "financial hardship or delay" if the

motion is granted. *Id.*

NITC responds that A&A has not shown good cause and that its late-designated expert should be excluded. Specifically, it argues that A&A's initial expert filing was made two days after the deadline set by the scheduling order and that the initial expert designations did not comply with Federal Rule of Civil Procedure 26 because it "did not include a report of any . . . experts . . . [or their] curriculum vitae." Doc. 55, Resp., 2. By contrast, NITC claims it provided A&A with the plaintiff's expert arborist report in October 2021 and timely disclosed its weather expert on May 2, 2022, such that A&A should have acted sooner to obtain a qualified arborist. *Id.* at 4. NITC asserts that A&A also could have moved for an extension of time to file the designation before the deadline expired but did not. *Id.* NITC argues that even if the expert's testimony is important to A&A's case, "[t]he importance . . . cannot singularly override the enforcement of local rules and scheduling orders." *Id.* at 4–5 (first alteration in original) (quoting *Barrett*, 95 F.3d at 381). However, NITC admits that it "may suffer little prejudice" if the motion is granted and that no continuance will be needed. *Id.* at 4.

A&A replies that it hired Romo before the deadline but that Romo failed to provide his report on the agreed timeline and did not disclose the license issue until after the deadline. Doc. 56, Reply, 2. While A&A admits that it should have filed for an extension, it denies that its failure to do so was the result of a lack of diligence and asserts that it moved to secure a replacement expert and file the instant motion as soon as possible after it discovered the issue. *Id.* at 2–3.

After considering the four factors, Court finds that there is good cause to allow A&A to file the Amended Expert Designation and that the late-designated expert's testimony should not be excluded. *See Springboards to Educ.*, 912 F.3d at 819; *Barrett*, 95 F.3d at 381.

First, A&A has explained that it retained its original expert before the court's deadline and intended to comply with that deadline, the original expert did not disclose his lapsed licensure until after the deadline, and it acted as quickly as possible to obtain a replacement expert and file this motion. *See* Doc. 48, Am. Mot. Leave, 2; Doc. 56, Reply, 2–3. However, the Court agrees with NITC that A&A should have filed for an extension before the deadline and that it could have begun the process of securing an expert and report earlier in the discovery period since it knew from the beginning of this action that an arborist would be needed and had months-before been provided with Plaintiff's arborist's report. *See* Doc. 55, Resp., 2, 4–5. These timing considerations render A&A's explanation for the failure less compelling. The Court finds that the explanation for the failure to timely comply factor weighs slightly in favor of denying leave. *See Barrett*, 95 F.3d at 381.

Second, A&A has shown that the late-designated expert is of central importance to its case because a qualified arborist will be necessary to present and rebut evidence about the cause of the loss of stock. Doc. 48, Am. Mot. Leave, 2. NITC does not dispute that this expert is of great importance to A&A's case. Doc. 55, Resp., 4–5. The Court finds that the importance of the modification factor weighs in favor of granting leave. *See Barrett*, 95 F.3d at 381.

Taking the third and fourth factors together, because A&A moved quickly after the deadline to designate a replacement expert and the prior expert had not yet been deposed, there will be no prejudice to NITC if the motion is granted. Further, because discovery remains open, no continuance will be needed. The prejudice and continuance factors therefore weigh in favor of granting leave. *See id.*

In sum, three factors weigh in favor of granting A&A's motion for leave to amend and allowing the late-designated expert, while one favors denial and exclusion. *See id.* The Court

therefore finds good cause to allow the late expert designation and **GRANTS** A&A's motion (Doc. 48). *See id.*

## IV.

## CONCLUSION

For the reasons given above, A&A's Motion for Leave to Amend Defendant's Expert Designations is **GRANTED**. A&A shall file its Amended Expert Designations, as proposed as Exhibit A to its motion for leave to file, **WITHIN TWO (2) DAYS** of the date of this Order.

**SO ORDERED.**

**SIGNED: August 5, 2022.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE